```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
EMOJI COMPANY GMBH,                                              :
                                                                 :
                       Plaintiff,                                :
                                                                 :      26-cv-1376 (LJL)
           -v-                                                   :
                                                                 :      MEMORANDUM AND
THE INDIVIDUALS, CORPORATIONS, LIMITED                           :           ORDER
LIABILITY COMPANIES, PARTNERSHIPS AND                            :
UNINCORPORATED ASSOCIATIONS IDENTIFIED                           :
ON SCHEDULE A,                                                   :
                                                                 :
                       Defendants.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2026

LEWIS J. LIMAN, United States District Judge:

Plaintiff Emoji Company GmbH ("Plaintiff") moves *ex parte* for a temporary restraining order. Dkt. No. 10. The motion is denied, and Plaintiff is ordered to show cause why all Defendants named in this case, save for one, should not be dismissed for misjoinder.

Plaintiff brings suit against 125 different defendants under the Lanham Act and New York State law alleging infringement of its mark in the name "Emoji." *See* Dkt. No. 1. Plaintiff seeks an order, among other things, authorizing alternative service and temporarily restraining each of the defendants from manufacturing, marketing, selling, or otherwise dealing in products either bearing the Emoji mark or being used in connection with it. Dkt. No. 15.

A party seeking a temporary restraining order "must . . . show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Coronel v. Decker*, 449 F. Supp. 3d 274, 280–81 (S.D.N.Y. 2020) (Nathan, J.) (quoting *Am. C.L. Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015)). To make out a claim for unfair competition under

Section 43(a) of the Lanham Act and for trademark infringement under Section 32, Plaintiff must satisfy a "familiar two-prong test." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 440 (S.D.N.Y. 2017) (quoting *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 237 (S.D.N.Y. 2012)). "The test looks first to whether the plaintiff's mark is entitled to protection, and second to whether defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 486 (S.D.N.Y. 2008) (quoting *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)); *see Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004) ("The crucial issue in an action for trademark infringement is whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." (citation and alterations omitted)).

Plaintiff has shown that it likely has valid marks entitled to protection given that its marks have been registered. *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000) ("Registration of a mark . . . entitles the owner to a presumption that its mark is valid").[1] But that is only the first step of the analysis. Plaintiff must also show a likelihood of confusion. Plaintiff argues that it need not satisfy the *Polaroid* test because it claims that Defendants are counterfeiters. However, "it is not necessarily a foregone conclusion . . . that use of the counterfeit marks is 'inherently confusing.'" *Chrome Hearts LLC v. Controse Inc.*, 2023 WL 5049198, at *12 (S.D.N.Y. Aug. 8, 2023) (quoting *Phillip Morris USA Inc. v. Felizardo*, 2004 WL 1375277, at *5 (S.D.N.Y. 2004)); *see also Wenger S.A. v. Olivet Int'l, Inc.*, 2024 WL

---

[1] The Court has no occasion to determine whether the marks have become generic. *See Chrome Hearts LLC v. Controse Inc.*, 2023 WL 5049198, at *6 (S.D.N.Y. Aug. 8, 2023) (discussing circumstances under which a statutorily incontestable mark can be rendered invalid and canceled).

36864, at *2 (S.D.N.Y. Jan. 3, 2024) ("a plaintiff on a counterfeiting claim must also show likelihood of confusion").  "[A] finding of likelihood of confusion may be presumed when 'the goods are also identical and directly competitive.'"  *Chrome Hearts*, 2023 WL 5049198, at *12 (quoting *Topps Co. Inc. v. Garrit J. Verburg Co.*, 1996 WL 719381, at *6 (S.D.N.Y. Dec. 13, 1996)).  Plaintiff makes no effort through argument or evidence to show that the products to which it affixes its trademark as a source of origin or sponsorship are substantially identical to or competitive with Defendants' products, the sale of which Plaintiff seeks to restrain.  Aside from a few conclusory lines in its memorandum in support of the temporary restraining order, it does not address the *Polaroid* factors at all.  Dkt. No. 11 at 27–28.  Plaintiff thus has not shown that it is entitled to a temporary restraining order against any of the Defendants.[2]

In light of the Court's disposition of the request for a temporary restraining order, it has no occasion to decide whether Plaintiff has shown sufficient diligence to support its claim for alternative service.  *See Overnight Blowout LLC v. Shenzhen Kairuijia E-Com. Co.*, 2025 WL 2381588, at *1 (S.D.N.Y. Aug. 13, 2025) (applying the reasonable diligence standard in a trademark case on a defendant-by-defendant basis).

As noted, the complaint names 125 different defendants.  Rule 20 allows persons to be joined as defendants in a single action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  "As is clear from the plain language

---

[2] In a single sentence, Plaintiff states that it is also likely to succeed on its state law claims because it has shown a likelihood of success under the Lanham Act, *see* Dkt. No. 11 at 29, but the Court has concluded otherwise, and Plaintiff makes no additional argument why its state law claims are likely meritorious.

3

of Rule 20(a)(2), both criteria must be met for joinder to be proper." *Golden Goose Deluxe Brand v. Aierbushe*, 2019 WL 2162715, at *1 (S.D.N.Y. May 16, 2019) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009)).  Plaintiff shall show cause by no later than March 11, 2026, why all Defendants except for the first-named one should not be dismissed from this action for misjoinder.  *See* Fed. R. Civ. P. 21 (stating that a court may at any time "[o]n motion or on its own . . . add or drop a party" "on just terms").

      The Clerk of Court is respectfully directed to close the motion at Dkt. No. 10.

      SO ORDERED.

Dated: March 3, 2026  
       New York, New York

                                        LEWIS J. LIMAN  
                                       United States District Judge